UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ADVANCED LIFELINE SERVICES, INC.   Plaintiff

v.   Civil Action No. 3:18-cv-00032-RGJ

CENTRAL HOSPITAL SERVICES, INC.,   Defendant
d/b/a CHAMPS HEALTHCARE
MANAGEMENT PROGRAMS

\* \* \* \* \*

# MEMORANDUM OPINION AND ORDER

Plaintiff Advanced Lifeline Services, Inc. ("ALS") brings this action against Defendant Central Hospital Services, Inc., d/b/a Champs Healthcare Management Programs ("Champs"), alleging fraudulent inducement (Count I), intentional or negligent misrepresentation (Count II), and breach of the implied duties of good faith and fair dealing (Count III). [DE 1-2, Compl. at ¶ 1]. Champs now moves to dismiss Counts I and II under Federal Rule of Civil Procedure 9(b) and all Counts under Rule 12(b)(6). [DE 4, Mot. Dismiss]. The matter is fully briefed and ripe for judgment. [*See* DE 8, ALS Resp.; DE 9, Champs Reply]. Having considered the parties' filings and the applicable law, the Court **GRANTS** Champs's Motion to Dismiss.

## BACKGROUND

The following facts are set out in the Complaint and accepted as true for purposes of Champs's Motion. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012).

ALS provides ventilator and respiratory care services to skilled nursing facilities in the United States. [DE 1-2 at ¶¶ 5, 7]. Part of its business is to furnish and administer the application of medical gases to patients in those facilities. *Id.* Champs, through Premier Group Purchasing ("Premier"), facilitates a group purchasing plan for medical supplies that offers its members the opportunity to buy products from participating vendors at discounted prices. *Id.* at ¶ 8–9.

1

In 2009, Champs accepted ALS's application to join the group purchasing plan. *Id.* at ¶ 10. As part of the process, ALS executed Champs's "Continuation of Care Membership Application" (the "Membership Application"). In October 2010, ALS contracted with Airgas NorPac, Inc. ("Airgas") for Airgas to supply medical gases to ALS for seven years. [DE 1-2 at ¶ 12]. The contract resulted from ALS's membership in Premier, with Champs acting as ALS's purported agent. *Id.* When ALS entered into the Airgas contract, a Champs employee represented to ALS that ALS was obtaining the best price offered for the Airgas medical gases. *Id.* at ¶ 13. Other Champs employees reiterated this claim in response to ALS's later inquiries. *Id.*

Champs did not inform ALS that Airgas offered eight pricing tiers. If ALS were designated as an acute-care provider, it would be entitled to the more cost-effective Tier 5 pricing. *Id.* at ¶ 15. Champs employee Timothy Andrejcak represented to Airgas that ALS provided non–acute care services and was thus entitled only to Tier 2 pricing. *Id.* at ¶ 22. Champs also purported to sign on ALS's behalf in designating ALS as a non–acute care provider. *Id.* ALS never authorized Champs to make that representation or to sign on its behalf in making the designation. *Id.* ALS had no knowledge that Champs made these representations to and designations with Airgas until September 2016—approximately six years after ALS first contracted with Airgas. *Id.* at ¶ 23.

On December 4, 2017, ALS filed suit against Champs in Jefferson County Circuit Court. [DE 1-2]. In its Complaint, ALS alleges that Champs, among other things, made intentional or negligent misrepresentations, fraudulently induced ALS to enter into a contract with a non-party for the purchase of oxygen for seven years and overpay for that oxygen, and breached the implied duties of good faith and fair dealing. *Id.* at ¶¶ 1, 7–23. On January 16, 2018, Champs filed a timely notice to remove the action to this Court pursuant to 28 U.S.C. § 1441. *Id.* Champs now moves to dismiss Counts I and II under Rule 9(b) and all Counts under Rule 12(b)(6). [DE 4].

## DISCUSSION

### A. Fraudulent Inducement (Count I) and Misrepresentation (Count II)

#### 1. Applicable Law and Legal Standard

Champs argues that ALS's claims for fraudulent inducement (Count I) and misrepresentation (Count II) are not pled with particularity under Federal Rule of Civil Procedure 9. [DE 4-1 at 35–38]. This action is in federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal procedural law governs this action and establishes the appropriate pleading standard for inducement and misrepresentation. *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001); *Tucker v. Heaton*, No. 5:14-CV-00183-TBR, 2015 WL 1884384, at *3 (W.D. Ky. Apr. 24, 2015); Fed. R. Civ. P. 81(c)(1). If ALS satisfies federal pleading requirements for fraudulent inducement and misrepresentation, Kentucky's substantive law will apply to those claims. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).

Rule 9(b) requires plaintiffs to plead fraudulent inducement and misrepresentation allegations with particularity. *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012). At a minimum, plaintiffs must allege: (1) the time, place, and content of any allegedly false representations; (2) the fraudulent scheme; (3) the defendant's fraudulent intent; and (4) the resulting injury. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (internal citations and quotation marks omitted); *see also Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (internal citations and quotations omitted). General allegations of fraud are insufficient. *VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 701 (6th Cir. 2000). For allegations against a corporation, the plaintiff must also identify the representatives who made the statements from which the plaintiff's claims arise. *William Beaumont Hosp. Sys. v. Morgan Stanley & Co., LLC*, 677 F. App'x. 979, 984 (6th Cir. 2017). Thus, a plaintiff must

identify the speaker of the alleged statements instead of "referring vaguely only to 'defendants.'" *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012). Such allegations ensure that a defendant receives at least the "minimum degree of detail necessary to begin a competent defense," *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008), and prevents fishing expeditions," *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011).

2. **Analysis**

ALS supports its fraudulent inducement and misrepresentation claims with the following facts: "Champs induced ALS to enter into a contract with Airgas" and, when "ALS entered into the Airgas contract, a Champs employee[] expressly represented that ALS was obtaining the best price offered for the Airgas medical gases." [DE 1-2 at ¶ 13]. Other Champs employees later reiterated this claim. *Id.* These representations were false, and Champs's "false representation was material to ALS's decision to enter into its contract with Airgas. Champs knew that is representation was false" or "failed to use reasonable care in making its representation," and "Champs made its representation to induce ALS to enter into its contract with Airgas." *Id.* at ¶ 13.

Notably, the Complaint does not identify who made the allegedly fraudulent statements or the time or place of the representations. [*See* DE 1-2 at ¶ 13]. It also fails to identify a fraudulent scheme, describe Champs's fraudulent intent, or explain how Champs's statements were, in fact, fraudulent.[1] Courts have routinely dismissed similarly deficient complaints for failing to satisfy

---

[1] ALS argues that Champs is being "too formalistic" by arguing that ALS's claims should be dismissed for not identifying specific representatives who made the allegedly fraudulent statements. [DE 8 at 5]. ALS notes that Champs assigned only one agent at a time to ALS's account, and thus Champs knows from its records who its agent was. *Id.* ALS also filed a declaration from Margie Coslett, who states that she was an ALS employee who had direct contact with specific Champs's agents. [DE 8-1 at 72–73]. While this information provides Champs with some detail about the allegations against it, the information still fails to address the numerous other deficiencies. Further, while ALS suggests that it may wish to amend its complaint [DE 8 at 68], ALS has not moved to do so. There is thus no motion to amend pending before the Court. If ALS does move to amend, it must satisfy all of Rule 9(b)'s requirements. For the reasons above, Coslett's current declaration fails to do so.

Rule 9(b)'s particularity requirements. *See, e.g.*, *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 587 (6th Cir. 2016); *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 253 (6th Cir. 2012); *Zeltiq Aesthetics, Inc. v. Medshare, Inc.*, No. 3:14-CV-213-CRS, 2015 WL 3447612, at *5 (W.D. Ky. May 28, 2015). Because ALS's inducement and misrepresentations claims fail to meet Rule 9's heightened pleading requirements, the Complaint fails to provide Champs with proper notice of the claims against it. Counts I and II are thus dismissed without prejudice.[2]

## B. Duties of Good Faith and Fair Dealing (Count III)

### 1. Applicable Law and Legal Standard

Champs argues that ALS's Complaint fails to state a claim for breach of the duty of good faith and fair dealing (Count III) under Rule 12(b)(6). [DE 4-1 at 42–44]. Federal procedural law establishes the appropriate standard for failure to state a claim. *Minger*, 239 F.3d at 799. The Court will apply Ohio law in resolving the claim because the Membership Application at issue includes a choice-of-law clause stipulating that Ohio substantive law controls. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)).[3]

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations set forth in the complaint and make all reasonable inferences in the nonmoving party's favor. *Davis*, 679 F.3d at 440. "[T]he complaint 'does not need detailed

---

[2] Champs also argues that ALS's fraudulent inducement and misrepresentation claims fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). Courts have consistently found that failing to satisfy Rule 9's particularity requirements necessarily leads to dismissal under Rule 12(b)(6). *See Soehnlen*, 844 F.3d at 586; *U.S. ex rel. SNAPP, Inc.*, 532 F.3d at 502; *Republic Bank & Tr. Co.*, 683 F.3d at 253. Accordingly, Counts I and II are subject to dismissal under either Rule.

[3] ALS has not attempted to show that the forum selection clause here should be set aside. Rather, the parties agree that Ohio substantive law controls Count III. [DE 4-1 at 42; DE 8 at 66; DE 9 at 75]. *See Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003).

factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores, Inc.,* 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court will dismiss a complaint if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the complaint presents an insurmountable bar to relief. *Twombly*, 550 U.S. at 561–64.

Although the Court must liberally construe the complaint in favor of the nonmoving party, the Court should not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Thus, to state a valid claim, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.* (citing *Twombly,* 550 U.S. at 562).

   2. **Analysis**

Ohio law does not recognize a separate cause of action for the breach of good faith and fair dealing. *Thomasville Furniture Indus., Inc. v. JGR, Inc.*, 3 F. App'x 467, 472 (6th Cir. 2001) (interpreting Ohio law) (citing *Metro Commc'ns Co. v. Ameritech Mobile Commc'ns, Inc.*, 984 F.2d 739, 743 (6th Cir. 1993) (interpreting Illinois law)); *Lakota Loc. Sch. Dist. Bd. of Edn. v. Brickner*, 671 N.E.2d 578, 584 (Ohio Ct. App. 1996). Rather, "good faith is part of a contract

claim and does not stand alone." *Brickner*, 671 N.E.2d at 584; *see also Kendell v. Phoenix Home Health Care Servs., Ltd*, 720 F. App'x 249, 254 (6th Cir. 2017).

ALS's Complaint does not assert breach of contract. Count III is titled "Breach of Duties of Good Faith and Fair Dealing" and consists of two paragraphs. [DE 1-2 at 17]. The first paragraph states: "Champs'[s] misrepresentations to ALS, its unauthorized representations to Airgas, and its unauthorized signature on behalf of ALS in documents submitted to Airgas, constitute breaches of Champs'[s] implied duties of good faith and fair dealing." *Id.* at ¶ 29. The second paragraph states: "Champs thus is liable to ALS for the financial consequences of its breach of its duties of good faith and fair dealing." *Id.* at ¶ 30. The Complaint does not otherwise assert a claim for breach of contract. Count III thus clearly asserts an independent claim for breach of the duties of good faith and fair dealing. Because Ohio law does not recognize an independent cause of action for breach of good faith and fair dealing, Count III must be dismissed without prejudice.[4]

---

[4] Even construing the Complaint in ALS's favor, the Complaint, by neglecting to assert a breach-of-contract claim, necessarily fails to provide "a short and plain statement of the claim showing that [ALS] is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also Libertarian Nat'l Comm., Inc. v. Holiday*, 907 F.3d 941, 947 (6th Cir. 2018) (affirming the district court's dismissal of a claim because the plaintiff's later assertions did not match his complaint). Regardless, ALS fails to assert sufficient facts to maintain a breach-of-contract claim under Ohio law. To do so, ALS would have to show: (1) a binding agreement between the parties; (2) performance by the non-breaching party; (3) a failure by the breaching party to fulfill its obligation; and (4) consequent damages. *Maxey v. State Farm Fire & Cas. Co.*, 689 F. Supp. 2d 946, 950 (S.D. Ohio 2010) (citing *Garofalo v. Chicago Title Ins. Co.*, 661 N.E.2d 218, 226 (Ohio Ct. App. 1995)). Failure to allege these elements requires dismissal. *Garofalo*, 661 N.E.2d at 226. Most notably, ALS does not specify which conditions or provisions of the Membership Application—the alleged contract at issue according to ALS [DE 8 at 66]—that Champs breached or describe how Champs breached it. ALS repeatedly states that Champs violated its duty by not obtaining the "best price available" from Airgas. [DE 1-2 at ¶ 14]. But nowhere in the Membership Application does Champs guarantee that it will obtain the "best price available." Instead, it indicates that it allows participants to purchase products from vendors at "discounted prices." [DE 4-2 at 46]. ALS does not assert that Champs, in contracting on ALS's behalf with Airgas, failed to obtain a discount. At a minimum, then, ALS fails to assert the third element of a breach of contract claim. That claim would thus be dismissed even were it properly before the Court.

## CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS** that Champs's Motion to Dismiss [DE 4] is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

Cc: Counsel of record